UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TERRENCE BREWER,
    Plaintiff,

vs.                                          No. 07-1356

MICHAEL MCCOY, et al.,
    Defendants

<u>MERIT REVIEW AND CASE MANAGEMENT ORDER</u>

        This cause is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

        The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at Peoria County Jail. The plaintiff has named five defendants including Sheriff Michael McCoy, Department Superintendent Judy Moss, Sargent Carol Closen, and Correctional Officers Cory Hosea and DaShaune Paul.

        The body of the plaintiff's complaint contains one claim.  The plaintiff says he is suing because on October 22, 2007 he was attacked by two other inmates and seriously injured.   This alone is not a proper claim under 42 U.S.C. §1983.   The plaintiff makes no reference to any of the defendants in the body of his complaint.   He also does not claim any defendant failed to protect him during the attack.

        The plaintiff has attached a statement and Inmate Request Forms to his complaint.  In his statement, the plaintiff says on three occasions prior to the attack, he asked to be moved from his housing area due to concerns about his safety.  The plaintiff says on August 10, 2007, he sent a request slip to Defendant Closen asking to talk with her about his concerns for his safety.  On August 25, 2007, the plaintiff says he sent a request form to Defendant Moss asking to be moved for his protection.  The plaintiff says he again wrote to Defendant Moss on October 12, 2007 asking to be moved.  He was attacked two weeks later.

        "The Due Process Clause of the Fourteenth Amendment protects pre-trial detainees from punishment and places a duty upon jail officers to protect pre-trial detainees from violence." *See Fisher v Lovejoy,* 414 F.3d. 659, 661 (7th Cir. 2005).   An pretrial detainee is entitled to relief when the resulting injury is objectively serious and prison officials acted with deliberate indifference to the inmate's safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).  The plaintiff has adequately alleged that these defendants were deliberately indifferent to his safety.  The

1

plaintiff has also alleged that he was taken to a hospital and receive stitches as a result of the attack.

While the plaintiff has clearly stated claims against Defendants Closen and Moss, the plaintiff's claims against the other defendants are not as clear. The plaintiff says he gave the request slips to Defendants Hosea and Paul.  The plaintiff does not elaborate on whether he discussed his safety concerns with these defendants.  For now, the court will give the pro se plaintiff the benefit of the doubt and leave these defendants in the case until their roles can be more clearly determined.  However, the only mention of Defendant McCoy is plaintiff's claim that he wrote to this defendant *after* the assault because his requests for pictures of his injuries had been ignored.   The plaintiff does not allege that he informed Defendant McCoy of his fears for his safety prior to the attack.  The mere fact that Defendant McCoy is the sheriff is not enough to impose liability.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisor cannot be held liable for the errors of his subordinates simply because of his title).  Therefore, the court will dismiss Defendant McCoy.

The plaintiff also says he wants charges of assault and battery filed against the inmates who attacked him.  The plaintiff says when he asked about the charges, he was told the reports had been given to detectives and the States Attorney's office to screen.   Apparently charges have not yet been filed.  The plaintiff has not stated a violation of his constitutional rights.

The plaintiff has not specified whether he intends to sue these defendants in their official or individual capacities, but his complaint only alleges claims against the defendants in their individual capacities.  *See Monell v. Department of Social Services*, 436 U.S.658, 694 (1978).

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims: Defendants Judy Moss, Carol Closen, Cory Hosea and DaShaune Paul violated the plaintiff's Fourteenth Amendment rights when they failed to protect him from an inmate assault.  The claim is against the defendants in their individual capacities only.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.   The clerk of the court is directed to dismiss Defendant Michael McCoy for failure to state a claim upon which relief can be granted.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16**

**conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.  The defendants shall file an answer to the claim identified in this order.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this   29th  Day of January, 2007.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3