UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TERRENCE BREWER,
    Plaintiff,

vs.          No. 07-1356

MICHAEL MCCOY, et al.,
    Defendants

CASE MANAGEMENT ORDER

This cause is before the court for an evidentiary hearing pursuant to *Pavey v Conley,* 554 F3d. 739, 741 (7th Cir. 2008). The Plaintiff appeared pro se. The Defendants were represented by Peoria County States Attorney Melinda Mannlein.

I. BACKGROUND

The pro se Plaintiff originally filed his complaint pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at the Peoria County Jail. After merit review, the court found that the Plaintiff had adequately alleged that Defendants Judy Moss, Carol Closen, Cory Hosea and DaShaune Paul violated his Fourteenth Amendment rights when they failed to protect him from an inmate assault on October 22, 2007. *See* January 29, 2008 Court Order.

On March 25, 2010, the court granted summary judgment for the Defendants finding that the Plaintiff had failed to exhaust his administrative remedies. *See* March 25, 2010 Case Management Order. The Plaintiff did not file a motion to reconsider the court's decision, but instead filed an appeal and eventually a motion to proceed *in forma pauperis* on appeal. After reviewing the Plaintiff's brief, the court found that it should not have granted summary judgment. *See* February 25, 2011 Case Management Order. The Defendants claimed the Plaintiff either had not submitted grievances or had not followed the grievance procedure. The Plaintiff claimed he had exhausted all available administrative remedies because he did not receive responses to any of his grievances. The court found that there were contested facts requiring an evidentiary hearing pursuant to *Pavey v Conley,* 554 F3d. 739, 741 (7th Cir. 2008).

II. FACTS

The Defendants presented a portion of the Inmate Rule Book pertaining to grievances and the Plaintiff agreed that these were the procedural rules he received in the jail. [Def. Ex. 1]. The procedures state that any inmate complaints must be written on an inmate request form and signed by the inmate. The complaints will then be "forwarded as addressed." [Def. Ex. 1]. The procedures further state:

    C. Response to Complaints- All complaints will be answered by the designated

1

staff member within 5 days.
D. Appeals- An inmate not satisfied with the response to a complaint may, by using an Inmate Request Form, ask that the answer be reviewed by the Correctional Superintendent. [Def. Ex. 1].

The following grievances were submitted by the parties during the hearing:

September 10, 2007:   The Plaintiff asks to speak to Defendant Sergeant Closen "concerning my safety/protection.  I'm asking can I be moved." [Plain. Ex. 1]

September 25, 2007- The Plaintiff addresses this complaint to Defendant Judy Moss.  The Plaintiff says his unit is very disrespectful and he wants to be moved for his protection. [Plain. Ex. 2]

October 12, 2007- The Plaintiff again addresses his complaint to Defendant Moss and asks for some protection.   The Plaintiff states his living unit is violent and he asks to be moved. [ Plain. Ex. 3].

October 22, 2007-   The Plaintiff tells Defendant Closen that he has been attacked by two inmates and he would like criminal charges filed against the responsible inmates.   Defendant Closen responds that the Plaintiff's request has been sent to Peoria County Detectives and it will be up to those individuals to contact the Plaintiff. [Def. Ex. 3]

November 18, 2007- The Plaintiff tells Defendant Michael McCoy that he has been assaulted by two inmates and received nine stitches as a result.  The Plaintiff says he had sent in three request slips prior to the assault saying that he feared for his life. [Def. Ex. 2]

## III. ANALYSIS

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison or jail officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default.  *Pozo,* 286 F.3d at 1025.   Failure to exhaust is an affirmative defense, so the Defendants have the burden of proof.

2

The Defendants point out that the only grievance in which the Plaintiff claims jail officials failed to protect him from an inmate assault was filed on November 18, 2007, after the assault had taken place, and was addressed to Defendant McCoy. Defendant McCoy testified that he arranged to speak with the Plaintiff about his complaint on November 21, 2011.  The Plaintiff agrees that he spoke with the Defendant, but he maintains he did not receive a written response to his grievance, so he had nothing to appeal.

The Defendants point to the jail procedures which simply call for a "response" to an inmate grievance, but do not require a written response. [Def. Ex. 1].  Defendant Jail Superintendent Steve Smith testified that it is not uncommon for jail staff to talk to the inmate who filed the Inmate Request Form instead of providing a written response.  Defendant Smith says a notation is then made on the grievance that the jail officer spoke with the inmate.  In their summary judgment motion, the Defendants provided a copy of the November 18, 2007 grievance from jail records which has "Seen by ACS McCoy" written in the response portion of the form.  (Def. S.J. Mot, Ex. G, Att. 2). In addition, the Defendants submitted a copy of the written report Defendant McCoy prepared for Defendant Smith after his conversation with the Plaintiff. (Def. S.J. Mot, Ex. 4).   Defendant Smith says if an inmate is unhappy with the response he receives to his grievance, whether that response was in person or in writing, he has the opportunity to appeal that decision to him as the Correctional Superintendent.

Defendant Smith says he searched the jail records, but found no appeal from the Plaintiff.  The Plaintiff admits that he did not file an appeal, but says it was because he did not receive a written response to his grievance.   The Plaintiff made reference during the hearing to a requirement that a written response be provided.  However, he did not present any rule or procedure to the court demonstrating this requirement.  In addition, the Defendants state there is reference in the employee handbook to providing written verification that a jail officer has responded to a grievance, but this handbook does not state the rules governing inmate grievance procedures.  In addition, there was a written verification that a jail official had spoken to the Plaintiff about his grievance for the purpose of jail record keeping. (Def. S.J. Mot, Ex. G, Att. 2).

The Plaintiff also argues that it was not uncommon for the jail to fail to provide responses to grievances.   The Plaintiff offered three grievances that he said he filed prior to the assault and he says he never received a response to any of them.  In the motion for summary judgment, the Defendants dispute that the Plaintiff ever filed these documents and there is no record of them.  None of these claimed grievances are relevant to whether the Plaintiff exhausted his administrative remedies for his claim that jail staff failed to protect him from an assault.  The grievances the Plaintiff says he filed state generally that he is afraid of the general population in his area.  In addition, the Plaintiff has not shown a wide spread practice of failing to respond to inmate grievances.  The court agrees that the Plaintiff did receive written responses to other grievances he filed after the assault asking for criminal charges against the other inmates.  In addition, the Plaintiff admits he continued to file inmate request forms throughout his stay at the Peoria County Jail, demonstrating his familiarity with the jail procedures..

Based on the evidence presented in both the *Pavey* hearing and in the dispositive motion, the Defendants have demonstrated that the Plaintiff did not exhaust his administrative remedies as required before filing his lawsuit.  There is no record of grievances prior to the assault.  The Plaintiff did receive a

3

response to his October 22 and November 18, 2007 grievances within five days. The Plaintiff chose to address the latter grievance to Defendant McCoy, and he admits that Defendant McCoy spoke with him about his grievance. Although that response was not in writing, the Jail Procedures do not specify that the response had to be in writing. The Plaintiff also admits he did not file an appeal. Therefore, the Plaintiff did not do "all he could to avail himself of the administrative process." *Robertson v. Dart*, 2009 WL 2382527 at 3 (N.D.Ill. Aug. 3, 2009) *quoting Wilder v. Sutton*, 310 Fed. Appx. 10, 13 (7th Cir.2009). In addition, there is no evidence that any jail employee took any steps to prevent the Plaintiff from properly exhausting. *Dole v. Chandler*, 438 F.3d 804, 809-10 (7th Cir.2006). Therefore, the court finds that the Plaintiff did not properly exhaust his administrative remedies and the failure to exhaust was the result of his own conduct. The Plaintiff's case is dismissed.

**IT IS THEREFORE ORDERED that:**

> **1) Based on the evidence presented in the motion for summary judgment and in the hearing pursuant to *Pavey v Conley*, 554 F3d. 739, 741 (7th Cir. 2008), the court finds that the Plaintiff did not exhaust his administrative remedies before filing this lawsuit and the failure is a result of his own conduct. This case is closed, with the parties to bear their own costs.**
>
> **2) The Plaintiff is still responsible for full payment of the $350.00 filing fee to the clerk of the court even though his case has been dismissed. Release from incarceration does not relieve the Plaintiff of his obligation to pay the filing fee.**
>
> **3) The Plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change**.
>
> **4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues the Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this _24th__ day of October, 2011.


\s\*Harold A. Baker*

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE